## Ferry et al. v. Wedge et al., Appellants.

*Equity—Streams—Rights of riparian owners—Erection of em*
*bankment—Prevention of natural flow—Overflow—Injunction.*

Where a bill in equity was filed to enjoin a riparian owner on
one side of a stream from erecting a barricade higher than that
existing on the opposite bank and causing an increase in the over-
flow over the land of the opposite riparian owners in flood time,
the court properly granted an injunction compelling the defend-
ant to remove the wall in so far as it would act as a barricade to
the natural flow of the water over defendant's lands.

Argued May 6, 1918.  Appeal, No. 45, Jan. T., 1918,
by defendants, from decree of C. P. Tioga Co., Jan. T.,
1917, No. 2, in Equity, awarding injunction in case of
Clive C. Ferry, R. R. McInory, Andrew Wedge, John J.
Lyon, T. C. Miller, C. S. Bower, E. M. Niles, C. H. Sweet,
Theodore Doran and Paul Dalmr v. Henry Wedge, Imo-
gene Wedge, William O'Connor, George Durif, H. J.
Mandrus, Mary E. Landrus, Fred G. Keck, Chris Keck,
Carl Keck, Jacob Keck and John Keck.  Before BROWN,
C. J., STEWART, MOSCHZISKER, FRAZER and WALLING,
JJ.  Affirmed.

Bill in equity for injunction.  Before CHANNELL, P. J.

From the record it appeared that Norris brook is a
rapid mountain stream in Middlebury Township, Tioga
County, Pa., about nine miles in length, flowing easterly,
and the point where it emerges from the hills is practical-
ly the watershed between the headwaters of Marsh
creek and the headwaters of Crooked creek, different
branches of the headwaters of the Susquehanna river,
and for a distance of about three-fourths of a mile at the
east end of said stream it flows over flat bottom lands,
the lands of the plaintiffs lying mostly to the north and
the lands of the defendants lying mostly to the south of
said stream.

In December, 1916, shortly before the present suit was commenced, Henry Wedge and Imogene Wedge, the owners of the land through which said Norris brook flows immediately east of the point where the stream emerges from the hills, started and undertook to change the whole course of said Norris brook and have it run along the south line of lands of C. C. Ferry, one of the plaintiffs, and immediately a suit in equity was commenced and an injunction was issued by the Court of Common Pleas of Tioga County enjoining said Henry and Imogene Wedge from changing the course of said stream, to which suit the defendants made no reply and a decree pro confesso was entered, and the course of the stream was not changed.

Immediately thereafter the defendants in the present suit commenced to barricade and raise the wall or embankment along the south side of said stream and built and constructed an embankment, wall or water obstruction along the south side of said stream beginning at the foot of the hill where said stream emerges from the hills, which embankment was built of large stones, logs and dirt piled together in a compact mass and varying in height from three to four feet, and extending easterly completely across a depression, sag or low place and thence running on east a distance of 384 feet to a point close to the bank of said stream, and such wall was built by the defendants with the express purpose of filling up said natural depression and stopping the waters of Norris brook from flowing south through the same, which was the natural channel for them to take and had been for many years.

The lower court's eighth and tenth findings of fact were as follows:

"(8) In times of high water considerable quantities of sand and gravel are washed down from the hills which are west of the point in question, and are deposited along the line of this stream, and more especially so after getting some twenty-five rods from the hill where the stream

becomes less rapid; but this washing has a tendency to fill the stream in its entire length, especially over the flat lands."

"(10) We further find from the evidence that the effect of this wall or barricade of the water, if allowed to remain at the west end, will increase the damage to the lands of the plaintiffs by increasing the quantity of water in Norris brook in times of flood and increasing the overflow from the same upon the lands of the plaintiffs along the lower levels of the stream, and will constitute more or less of a peril to the lands of the plaintiffs and will impair the value of said lands."

The lower court entered a decree compelling defendants to remove the wall at and along that part of the stream acting as a barricade to the natural flow of the water over defendants' land in time of high waters. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*David Cameron,* with him *A. B. Dunsmore* and *P. J. Edwards,* for appellants.

*Frank H. Rockwell,* with him *Chester H. Ashton,* for appellees.

PER CURIAM, June 3, 1918:

The findings of fact by the learned chancellor below are not assigned as error, and the decree is affirmed on the eighth and tenth.

Appeal dismissed at appellants' costs.